IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNON WHALEY, | ) | |
| Reg. No. 10098-002, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 2:19-CV-938-WHA |
| | ) | [WO] |
| WALTER WOOD, | ) | |
| | ) | |
| Respondent. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On December 5, 2019, the court granted Petitioner fourteen days to file with the Clerk of Court either the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* accompanied by an affidavit in support thereof. Doc. 2. Petitioner was cautioned that his failure to comply with the December 5 order would result in a Recommendation that his petition be dismissed. Doc. 2. The requisite time has expired, and the court has received no response from Petitioner to the aforementioned order nor has he provided the court with either the filing fee or a motion for leave to proceed *in forma pauperis*.

The foregoing reflects Petitioner's failure to comply with the orders of the court and a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Petitioner's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Petitioner's failure to comply with the orders of this court and to prosecute this action.

It is

ORDERED that **on or before February 6, 2020**, Petitioner may file an objection to the Recommendation. Petitioner must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 23rd day of January 2020.

    /s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE